UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RUSSELL HUBBELING, | * | CIV 98-4176 |
| Petitioner, | * | |
| | * | ORDER |
| vs. | * | |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

Petitioner has moved for a new trial. The trial court "must first determine whether the newly discovered evidence is credible," *United States v. Grey Bear*, 116 F.3d 349, 350 (8th Cir. 1997). In making the preliminary credibility determination, the question "is not whether the district judge believes the recantation, but how likely a district judge thinks that a jury at a second trial would be to believe it." *United States v. Papajohn*, 212 F.3d 1112, 1119 (8th Cir. 2000).

The Court considers the positions of Dr. Adams and Dr. Ophoven to be newly discovered evidence. The Court does not consider the positions of proposed witnesses Kamala, Bruck, and Wakefield to be newly discovered evidence. Their positions contain updated information but not newly discovered evidence as opposed to the trial positions of Petitioners.

The Court must consider the requirements for a new trial as discussed in *Grey Bear* and *Popajohn*. *Papajohn* states:

> Motions for new trial, especially when a recantation is involved, are difficult to win. "Motions for new trial based upon the alleged recantation of a material witness should be viewed with disfavor...." *United States v. Coleman*, 460 F.2d 1038, 1040 (8th Cir. 1972) (per curiam). It is easy to understand why this should be so. The trial is the main event in the criminal process. The witnesses are there, they are sworn, they are subject to cross-examination, and the jury determines whether to believe them. The stability and finality of verdicts would be greatly disturbed if courts were too ready to entertain testimony from witnesses who have changed their

> minds, or who claim to have lied at the trial.
>
> The requirements that a motion for new trial based on newly discovered evidence must meet are stringent in other ways, as well. Most important for present purposes is the requirement that the newly discovered evidence "must be of such a nature that, on a new trial, [it] ... would probably produce an acquittal." *LaFuente, supra*, 991 F.2d at 1408. It is the job of the district court, either on affidavits or after an evidentiary hearing (as was the case here), to decide whether the newly discovered evidence is credible, see *Coleman, supra*, 460 F.2d at 1040, and, if so, whether it would probably produce an acquittal if a new trial were held.

*Papajohn* at 350.

As a preliminary matter the Court has determined that the proposed testimony of the medical Doctors Joyce A. Adams and Janice Ophoven is credible. The Court also believes that a jury would find the testimony of those medical doctors to be credible. As for the recantations by four of the victims, the Court must determine how likely a jury at the second trial would believe the recantations. The testimony of medical doctors that support the Petitioner lends some support to the credibility of the recanting victim witnesses. One of the victims, Fury Rouse, was too young at the time of the abuse, 20 months, to testify so she is not involved in the recantations.

The Court knows what Dr. Kaplan's testimony will be if it were read at the second trial since Dr. Kaplan is deceased and his testimony would be admissible under Federal Rule of Evidence 804. The testimony of the four victims who testified at the first trial would also be admitted into evidence. Dr. Ferrell is available to give testimony again if there were a new trial.

The Petitioner has requested the taking of the discovery deposition of Dr. Ferrell. In viewing this request, the Court by comparison has the written position from the two medical doctors that support the Petitioner's position. The Court does not know what the testimony of Dr. Ferrell would be in a second trial.

The Court must make a determination that newly discovered evidence from the Petitioner must be such of a nature that in a new trial it would probably produce an acquittal. In making that

determination, the Court would be assisted in knowing Dr. Ferrell's current position in this matter. Accordingly, the Court directs that the United States present an Affidavit from Dr. Farrell which fully sets forth Dr. Ferrell's current position in this matter. The Court considers this to be the equivalent of the reports of Dr. Adams and Dr. Ophoven, even though their reports are not in affidavit form. The affidavit shall be provided within forty-five (45) days from the date of this Order.

IT IS ORDERED:

1. That Petitioner Russell Hubbeling's Motion to Compel Deposition of Dr. Robert Ferrell, Doc. 43, is denied.

2. That within forty-five (45) days from the date of this Order the United States shall file an Affidavit from Dr. Ferrell which fully sets forth his current position in this matter.

Dated this 7th day of October, 2019.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

3